IN THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCES DOWNS )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GEBCO MACHINE, INCORPORATED and )<br>GEORGE VOGELER )<br>    Defendant. )<br>) | NO.: 11-CV-00153-DRH-SCW<br><br>Plaintiff Requests Trial by Jury |

### FIRST AMENDED COMPLAINT

The Plaintiff, FRANCES DOWNS, by and through her attorney, Greg Roosevelt, for her Complaint against Defendant, Gebco, Incorporated in her First Amended Complaint states as follows:

1. Frances Downs is a resident of Granite City, Madison County, Illinois and thus is a citizen of the State of Illinois.

2. Gebco Machine, Incorporated is an Illinois corporation operating a steel fabrication and machining plant in Granite City, Madison County, Illinois and it a citizen of the State of Illinois. George Vogeler is the President of said Gebco Machine, Inc. and is a resident of Madison County, Illinois and is a citizen of the Southern District of Illinois.

3. Frances Downs is employed by the Defendant as a secretarial/bookkeeper. Plaintiff has worked for the Defendant since 1983 and continues to be employed in the same position.

4. Plaintiff has repeatedly requested to be covered under the retirement plan offered through the Defendant's union. The Defendant employer has consistently refused to allow the Plaintiff to join the union, District 9 of the International Association of Machinists and

Aerospace Workers. The Defendant has entered into a Collective Bargaining Agreement "CBA" with the International Association of Machinists and Aerospace Workers and that contract has been in force during the Plaintiff's employment.

5. The Defendant has exercised control over participation in the union's membership. The Defendant has allowed certain male employees to become members of the union including those in management so the male, coworkers could specifically be covered by the union's retirement plan. The owner, Defendant George Vogeler, was allowed to join the union even though he was not a machinist. Two other males, an accountant, and a janitor were allowed to join the union so they could qualify for the union's retirement plan even though they were not machinists. Plaintiff, a female, requested the same opportunity and benefit to the President of Gebco, Incorporated and was denied that request.

6. The employer has made retirement contributions on behalf of the Plaintiff's male coworkers who were allowed to become part of the union and its retirement plan at the same time denying the Plaintiff access to the union and the retirement plan.

7. The Defendant has discriminated against the Plaintiff in her wages based on sex and in violation of the Equal Pay Act of 1963. 29 U.S. Code, Section 206 (d).

8. The Plaintiff thus has lost tremendous retirement benefits and has been discriminated against creating a financial loss and hardship in an amount exceeding $100,000.

9. The Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. Section 206 and 207, makes it unlawful for an employer on the basis of sex to pay lower wages or fringe benefits to employees of one sex than it does to similarly situated employees of the other sex.

10. Plaintiff was similarly situated as the male accountant in the same department and work area, was paid lower wages than he was, was in a substantially equal job, and performed

similar duties requiring the same skill, effort, and responsibility of the male employee. Plaintiff was asked by Defendant Vogeler if she could assume all the duties of the male accountant when he had left the company and she replied yes, and has since performed all the duties of the male accountant since. Defendant has denied Plaintiff the right to join the union even though her male counterpart was a union member with all the benefits accorded him with membership.

11. The differential in pay between sexes was not pursuant to seniority, merit, quantity or quality of production, but was due to Plaintiff's sex.

12. Defendant intentionally paid the Plaintiff who was similarly situated less that it paid the male accountant employee and Plaintiff was performing substantially equal work.

13. By its conduct as alleged herein, Defendant GEBCO, Defendant Vogeler discriminated against the Plaintiff who was similarly situated with respect to her wages in violation of the Equal Pay Act, and has as the decision maker for the company continually denied the Plaintiff membership in the union of which he is a member.

14. The Defendant, George Vogeler has managed the Gebco Machine business during the entirety of the time Frances Downs has been employed with the Defendant. The Plaintiff began her employment in 1983 and since Mr. Vogeler has been the manager and an owner of the corporation which has made the decisions on hiring individuals, their terms of employment, assignment to work positions, and the Defendant, George Vogeler made all decisions regarding pay, work assignments, benefits, job descriptions, and even including who would be members of the union. The Defendant, George Vogeler was responsible for the decision making which resulted in the disparity of pay experienced by Plaintiff.

WHEREFORE, Plaintiff seeks Judgment against the Defendant for all of her lost wages and benefits, prejudgment interest, statutory penalties, attorney's fees in an amount exceeding $100,000 and such other relief as allowed by law.

Respectfully submitted,

/s/Greg Roosevelt
Greg Roosevelt, #02375427
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
618-656-9160
gregroosevelt@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby states that the **First Amended Complaint** was sent via the email system on the 15th day of August, 2011.

Thomas P. Rosenfeld
Goldenberg Heller Antognaoli & Rowland, P.C.
2227 South State Route 157
P.O. Box 959
Edwardsville, IL 62025
618-656-5150
618-656-6230 Fax

/s/Greg Roosevelt
Greg Roosevelt, #02375427
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
618-656-9160
gregroosevelt@gmail.com