IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANCES DOWNS,

      Plaintiff,

v.

GEBCO MACHINE, INC. and
GEORGE VOGELER,

      Defendants.                      No. 11-cv-153-DRH

ORDER

**HERNDON, Chief Judge:**

Before the Court is defendants' – Gebco Machine, Inc., and George Vogeler – motion to dismiss plaintiff Frances Downs' second amended complaint (Doc. 48). For the reasons stated below, defendants' motion to dismiss is denied.

**I. Background**

On October 4, 2011, plaintiff filed a second amended complaint (Doc. 43) against defendants, alleging two counts of sex discrimination, one count under the federal Equal Pay Act of 1963 (the "EPA") (which is part of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA")), and the other under the State of Illinois's Equal Pay Act of 2003, § 820 ILCS 112/1 *et seq.* (the "Illinois EPA"). In the second amended complaint, plaintiff alleges that defendant Gebco Machine, Inc. ("Gebco") is a corporation operating a steel fabrication and machining plant in Granite City, Illinois, and that defendant George Vogeler is the president of Gebco.

Plaintiff asserts that she has been employed by Gebco as a "sectretarial/bookkeeper" since 1983, has repeatedly requested to be covered under the retirement plan offered through the Gebco's[1] union, and has been consistently denied membership to join the union by Gebco. Plaintiff alleges that Gebco "has exercised control over participation in the union's membership," allowing "certain male employees to become members of the union including those in management so the male[] coworkers could specifically be covered by the union retirement plan." Specifically, plaintiff alleges that "[t]he owner, [d]efendant George Vogeler, was allowed to join the union even though he was not a machinist," and "[t]wo other males, an accountant, and a janitor[,] were allowed to join the union so they could qualify for the union's retirement plan even though they were not machinists," but when "[p]laintiff, a female, requested the same opportunity and benefit to the [p]resident of [Gebco]," her request was denied.

In count one (EPA), plaintiff alleges that she "was similarly situated as the male accountant in the same department and work area, was paid lower wages than he was, was in a substantially equal job, and performed similar duties requiring the same skill, effort, and responsibility of the male employee"; that "[p]laintiff was asked by [d]efendant Vogeler is she could assume all the duties of the male accountant

---

[1]The Court notes that throughout plaintiff's second amended complaint, plaintiff refers to defendant in the singular form rather than the plural form, making it impossible on the face of the complaint to know which defendant plaintiff is referring to since there are two defendants in this case. Nevertheless, the Court has used common sense to substitute the appropriate party's name where applicable.

when he had left the company and she replied yes, and has since performed all the duties of the male accountant since"; and that "[d]efendant has denied [p]laintiff the right to join the union even through her male counterpart was a union member with all the benefits accorded him with membership." Further, plaintiff alleges that "[d]efendant, George Vogeler has managed the Gebco Machine business during the entirety of the time Frances Downs has been employed with the [d]efendant. The [p]laintiff began her employment in 1983 and since Mr. Vogeler has been the manager and an owner of the corporation which has made the decisions on hiring individuals, their terms of employment, assignment to work positions, and the [d]efendant, George Vogeler made all decisions regarding pay, work assignments, benefits, job descriptions, and even including who would be members of the union. The [d]efendant, George Vogeler was responsible for the decision making which resulted in the disparity of pay experienced by [p]laintiff." In count two (Illinois EPA), reincorporates the same allegations as made in count one.

## II. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id*.

In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. See *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, 553 U.S. 1032 (2008). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

### III. Analysis

Defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon the following grounds: 1) plaintiff's complaint impermissibly alleges claims against both plaintiff's employer and an individual supervisor; and 2) plaintiff's complaint fails to set forth specific facts demonstrating that plaintiff qualifies for membership in the union, that defendants exercise control over plaintiff's membership in the union, and that plaintiff was denied membership in the union based on her sex. For the reasons that follow, the motion is denied.

*A. Whether more than one "employer" may be sued under the EPA?*

The definition of "employer" under the Act "includes any person directly or

indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). "The word 'employer' is defined broadly enough in the [FLSA] (of which the [EPA] is an amendment) to permit naming another employee rather than the employer as defendant, provided the defendant had supervisory authority over the complaining authority and was responsible in whole or part for the alleged violation." *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). Thus, the Seventh Circuit has interpreted "employer" "to mean that the supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA is liable for the violations." *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001).

In support of defendants' claim that plaintiff cannot assert a claim under the EPA against both her employer and individual defendants, defendants cite to the district court case of *Holliday v. WSIE 88.7 FM Radio Station*, No. 04-cv-0237-MJR, 2005 U.S. Dist. LEXIS 32725 (Dec. 7, 2005 S.D. Ill. 2004). Plaintiff contends that *Holliday* is distinguishable, but contends that if the Court finds that an election between the defendants is necessary, then the corporate entity should be the remaining defendant.

The Court initially notes that "a district court decision does not have stare decisis effect; it is not a precedent." *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (citing, e.g., *Bank of Am., N.A. v. Moglia*, 330 F.3d

942, 949 (7th Cir. 2003)). "It may be a wise, well-reasoned decision that pursuades by the quality of its reasoning, but in that respect it is no different from a persuasive article or treatise." *Midlock*, 406 F.3d at 458. Nevertheless, because the parties have both addressed *Holliday*, the Court will discuss it.

In *Holliday*, the pro se plaintiff brought claims against her employer and six individual defendants under Title VII, the Americans with Disabilities Act ("ADA"), and the EPA. The Court found that the defendants were correct in pointing out that the Title VII and ADA claims may only be asserted against an employer, and not supervisors, but noted that under the EPA it was "not convinced that such claims may only be asserted against an employer and not a supervisor." *Id.* at *14-15. Rather, the Court looked to *Riordan* and found that "under Seventh Circuit law a supervising employee *may* be liable for an EPA violation (so long as certain conditions are met)." *Id.* at *17. Nevertheless, the Court found that dismissal of the plaintiff's individual-capacity EPA claims was appropriate. *Id.* Looking to *Riordan*, the Court noted that the Seventh Circuit used the phrase "'*rather* than the employer . . .' in referring to the filing of an EPA claim against a supervisor," which implied "that, although a plaintiff might permissibly assert an EPA claim against another employee, a plaintiff should not assert an EPA claim against *both* an employer and another employee." *Id.* Accordingly, the Court found that the plaintiff meant to assert her EPA claim against the employer rather than the individual defendants and dismissed those claims. *Id.* at *17-18.

The Court finds that the district court's implication in *Holliday* went too

far. In *Luder*, decided years after *Riordan*, the Seventh Circuit, citing to *Riordan*, among others, and the First Circuit case *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998), stated that the Seventh Circuit has interpreted "employer" within the meaning of the EPA to mean "that the supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA is liable for the violation." *Luder*, 253 F.3d at 1022. The Seventh Circuit did not mention any one employer limitation when making this statement, and in fact, relied on the First Circuit's decision in *Herman* which stated that "[t]he FLSA contemplates several simultaneous employers, each responsible for compliance with the Act." 163 F.3d at 675 (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)). Moreover, the Seventh Circuit has since stated that "[t]he Equal Pay Act expressly contemplates that an employee may have multiple employers." *Tamayo*, 526 F.3d at 1088 (citing 29 U.S.C. § 203(d)); see also *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007) ("The FLSA contemplates, at least in certain circumstances, holding officers with such personal responsibility for statutory compliance jointly and severally liable along with the corporation."). Thus, at this stage in the case, plaintiff may maintain her causes of action against both Gebco and Vogeler assuming that plaintiff has alleged enough to establish that Vogeler was a supervisor who used his authority over plaintiff to violate her rights under the EPA.

Here, plaintiff has alleged enough to establish a plausible right to relief and to survive defendants' motion to dismiss. In the second amended complaint,

plaintiff alleged the following relevant facts:

> The [d]efendant, George Vogeler has managed the Gebco Machine business during the entirety of the time Frances Downs has been employed with the [d]efendant. The [p]laintiff began her employment in 1983 and since Mr. Vogeler has been the manager and an owner of the corporation which has made the decisions on hiring individuals, their terms of employment, assignment to work positions, and the [d]efendant, George Vogeler made all decisions regarding pay, work assignments, benefits, job descriptions, and even including who would be members of the union. The [d]efendant, George Vogeler was responsible for the decision making which resulted in the disparity of pay experienced by [p]laintiff.

Taking all well-pleaded factual allegations as true and drawing all reasonable inferences in plaintiff's favor, plaintiff has alleged that defendant Vogeler used his authority as plaintiff's supervisor to violate her rights under the EPA. See *Luder*, 253 F.3d at 1022; *Riordan*, 831 F.2d at 694. Thus, defendants' motion to dismiss must be denied as to this point.

*B. Whether plaintiff has made sufficient allegations to survive defendants' motion to dismiss?*

With regard to defendants' second point, defendants contend that plaintiff's second amended complaint fails to sufficiently allege that she was discriminated against based on her sex because her complaint "alleges wage differentials based on a 'factor other than sex' (i.e., membership in the [u]nion) and, therefore, fails to state a claim for relief under either the state or federal acts." Alternatively, defendants assert that even if plaintiff was denied membership in the union based on her sex, plaintiff has sued the wrong party, in that the labor organization may be a proper defendant because defendants have no control over the union's

membership policies. Plaintiff argues that pursuant to § 1620.23 of the EPA collective bargaining agreements are not a defense, and plaintiff has filed her action against the appropriate parties.

"An employee's only burden under the [EPA] is to show a difference in pay for 'equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions' (§206(d)(1))." *King v. Acosta Sales & Mktg., Inc.*, No. 11-3617, 2012 U.S. App. LEXIS 5156, at *8 (7th Cir. Mar. 13, 2012). "An employer asserting that the difference is the result of a 'factor other than sex' must present this contention as an affirmative defense–and the proponent of an affirmative defense has the burdens of both production and persuasion." *Id.* Similarly under the Illinois EPA, "[n]o employer may discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to another employee of the opposite sex for the same for substantially similar work on jobs the performance of which requires equal skill effort, and responsibility, and which are performed under similar working conditions, except where the payment is made under" one of four defenses. § 820 ILCS 112/10.

The problem with defendants arguments are that "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "Complaints need not contain any information about defenses and may not be dismissed for

that omission." *Id.* (citing, e.g., *Gomez v. Toledo*, 446 U.S. 635 (1980)). "Only when the plaintiff pleads itself out of court–that is, admits all the ingredients of an impenetrable defense–may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.* (citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002)).

Here, plaintiff has not plead herself out of court. Plaintiff has alleged that she was discriminated against on the basis of sex, and while factors other than sex are an appropriate defense to plaintiff's, this is not the appropriate stage in the proceedings to raise those defenses. The Court simply takes plaintiff's complaint as true and in doing that, plaintiff has raised enough to survive defendants' motion to dismiss.

With regard to defendants' argument that plaintiff has sued the wrong party because defendants have no control over the union's membership policies, this argument is without merit. As plaintiff points out, "[t]he establishment by collective bargaining or inclusion in a collective bargaining agreement of unequal rates of pay does not constitute a defense available to either an employer or to a labor organization." 29 C.F.R. § 1620.23. Moreover, plaintiff has alleged that defendant does have control over the union's membership policies and the Court must take that allegation as true at this stage in the proceeding. Accordingly, this point must be denied.

### IV. Conclusion

For the reasons stated above, the Court denies defendants' motion to

dismiss (Doc. 48).

**IT IS SO ORDERED.**

Signed this 6th day of June, 2012.

Digitally signed by David R. Herndon
Date: 2012.06.06 14:55:01 -05'00'

**Chief Judge
United States District Court**