IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANCES DOWNS,

Plaintiff,

v.

GEBCO MACHINE, INC., ET AL,

Defendants.                                                       No. 11-CV-00153-DRH-SCW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.  Introduction and Background

Pending before this Court is defendants' motion for summary judgment (Doc. 57) and memorandum in support of the motion (Doc. 58).  Defendants claim that they are entitled to summary judgment because plaintiff's claims are time barred; because defendants have no control over Union membership; and because plaintiff cannot establish a prima facie case against defendants because she was not paid less than a male employee and did not perform substantially equal work.  Plaintiff opposes the motion (Doc. 60).

Frances Downs filed her second amended complaint (Doc. 43) against defendants Gebco Machine Company ("Gebco") and George Vogeler ("Vogeler") on October 4, 2011.  Plaintiff's complaint alleged two counts of sex discrimination, one under the federal Equal Pay Act of 1963 (the "EPA"), which is part of the Fair

Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("the FLSA"), and the other under the State of Illinois' Equal Pay Act of 2003, 820 ILCS 112/1 *et seq.* (the "Illinois EPA").  In the second amended complaint, plaintiff alleges Gebco is a corporation operating a steel fabrication and machining plant in Granite City, Illinois, and Vogeler is the president of Gebco.  Plaintiff asserts she has been employed at Gebco as a "secretarial/bookkeeper" since 1983, has repeatedly asked to be covered under the retirement plan offered by Gebco's union, and has been consistently denied membership in Gebco's union.  The plaintiff alleges Gebco "has exercised control over participation in the union's membership," allowing "certain male employees to become members of the union[,] including those in management[,] so the male[] coworkers could specifically be covered by the union's retirement plan.  Plaintiff further alleges that Vogeler was allowed to join the union even though he was not a machinist, and two other males, an accountant, Rensing, and a janitor, Bronnbauer, were also allowed to join the union, even though they were not machinists, so they could qualify for the union's retirement plan, but her request was denied.

In count one, under the EPA, plaintiff alleges she was similarly situated as the male accountant in the same department and work area, was in a substantially equal job, performed similar duties requiring the same skill, effort and responsibility, yet was paid lower wages than he.  Plaintiff claims Vogeler asked her if she could assume the duties of the male accountant when he left the company and she has since performed all of these aforementioned duties.

Plaintiff further asserts Vogeler has been an owner of and managed Gebco during the entire time of her employment, and has made all the employment decisions including plaintiff's work duties, lack of benefits, inability to join the union, and disparity of pay. In count two, under the Illinois EPA, plaintiff reincorporates the same allegations as count one.

## II. Summary Judgment

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record or affidavits that demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All justifiable inferences are to drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

If the moving party meets its burden, the non-moving party has the burden of presenting specific facts to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, the non-moving party's

evidence "is to be believed," and all justifiable inferences drawn from it in the light most favorable to the non-moving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). Summary judgment in favor of the party with the burden of persuasion is "inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Id.* at 553.

### III. Analysis

Defendants first argue that plaintiff's claims are time barred and should have been filed under the Act no more than two years after the date of the alleged violation, or within three years in the case of a willful violation. Defendants further argue that under the Illinois Act, plaintiff's claim had to have been filed within five years of the date of underpayment. Plaintiff contends that under 29 C.F.R. § 1620.13, Gebco's failure to award her equal pay to the higher paid male member who was her predecessor constitutes a *prima facie* continuing violation.

The EPA is violated each time an employer extends an "unequal" paycheck to an employee for equal work. *Gandy v. Sullivan County, Tenn.*, 24 F.3d 861, 864 (6th Cir. 1994). A plaintiff's action will not be time-barred if at least one discriminatory act occurs within the relevant limitations period. *Id.* In a case with facts similar to this, the Seventh Circuit vacated a district court's grant of summary judgment for time-barred filing, holding that each paycheck was a fresh discriminatory act. *Reese v. Ice Cream Specialties, Inc.*, 347 F.3d 1007 (7th Cir. 2003). Relying on the United States Supreme Court holding in *Bazemore v. Friday*, 478 U.S. 385 (1986), the *Reese* court concluded that the plaintiff's suit

was not untimely "solely because the initial act of discrimination occurred when it did." *Reese*, 347 F.3d at 1013.

> It is immaterial that a member of the higher paid sex ceased to be employed prior to the period covered by the applicable statute of limitations period for filing a timely suit under the EPA. The employer's continued failure to pay the member of the lower paid sex the wage rate paid to the higher paid predecessor constitutes a prima facie continuing violation. Also it is no defense that the unequal payments began prior to the statutory period.

29 C.F.R. § 1620.13(b)(5). *See also Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 347 (4th Cir. 1994).

In this case, focusing on the plaintiff and Gebco's actions with regard to her, not the employment status of her predecessors, each unequal paycheck plaintiff received is characterized as a continuing violation of the EPA. It is immaterial that Rensing and Bronnbauer ceased to be employed by Gebco as of 2004. Thus, plaintiff's action is not time-barred under the EPA and summary judgment is not appropriate on this ground.

Defendants also claim summary judgment is appropriate because plaintiff's allegations of discrimination are due solely to her denial of membership in the Union, and Vogeler "has no role or influence on the determination of Union membership." Plaintiff argues that Vogeler had control over Union membership since he allowed a janitor and an accountant to become members in order to obtain Union benefits. She also avers that Vogeler, as the decision maker for the corporation, her employer, had control over her wages, tasks, benefits and

assignments, and is therefore the proper party responsible for denying her equal wages for substantially equal work.

In *Tamayo v. Blagojevich*, the Seventh Circuit found that the EPA defines an "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 526 F.3d 1074, 1088 (7th Cir. 2008). Further, "[t]he [EPA] expressly contemplates that an employee may have multiple employers." *Id.* Under this definition, both Gebco and Vogeler are plaintiff's employers for purposes of this case. Whether either of these parties exercises control over the union is a question for the trier of fact.

Even if this Court were to find that plaintiff's denial of membership in the Union is not within the control of Gebco or Vogeler, she still has claims of discrimination against Vogeler and Gebco under the EPA and the Illinois EPA that are unrelated to Union membership. Although plaintiff claims Vogeler and Gebco denied her membership in the Union, thereby causing her to have lower remuneration, her claims of pay discrimination do not depend solely on whether she was permitted to join the Union. Moreover, 29 C.F.R. § 1620.23 states that collective bargaining agreements are not a defense to an employer paying unequal rates of pay. Therefore, summary judgment is not appropriate based on defendants' claim that they have no control over Union membership.

Lastly, defendants seek summary judgment claiming plaintiff failed to establish a claim under the Acts. Defendants' claim that plaintiff was actually

making more money from Gebco than Rensing rests solely on her deposition testimony that Rensing was also getting pension money from Union and limited to earning only $1000 per month after he retired from Gebco.  Plaintiff testified in her deposition that before Rensing retired and began drawing a lower salary combined with retirement benefits for his job, he was paid more than Gebco paid plaintiff for doing the same work.  Defendants also fail to consider the monetary value of other benefits to which plaintiff claimed she should have been entitled.

"An employee's only burden under the [EPA] is to show a difference in pay for 'equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *King v. Acosta Sales & Mktg., Inc.*, 678 F.3d 470, 474 (7th Cir. 2012).  "Actual job performance and content, not job titles, are key."  *Soto v. Adams Elevator Equipment Co.*, 941 F.2d 543, 548 (7th Cir. 1991).  The question of whether two jobs require equal skill, effort and responsibility is a factual determination.  *Id.*

Here, plaintiff alleges she took over Rensing's accounting duties when he left Gebco, doing substantially the same work.  Defendants argue Rensing had other supervisory duties besides his accounting duties that plaintiff did not assume after he left Gebco.  But Vogeler testified in his deposition only that Rensing had the authority to perform these other duties and not that Rensing actually did perform them.  Clearly, the evidence "is susceptible of different interpretations or inferences by the trier of fact." *Hunt*, 526 U.S. at 553.  Thus, whether plaintiff performed the same actual job as Rensing, and received lower

wages for it, is a factual determination yet to be made. Therefore, the Court finds summary judgment is not appropriate on defendants' final claim.

## IV.  Conclusion

Based on the aforementioned reasons, the Court concludes genuine issues remain for the trier of fact regarding the proffered reasons for the disparity in pay between plaintiff and both Rensing and Bronnbauer. Accordingly, defendants' motion is **DENIED** on this basis.

**IT IS SO ORDERED.**

Signed this 6th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.06 16:36:15 -06'00'

**Chief Judge**
**United States District Court**